## KOLLOCK *v.* THE UNITED STATES.

CONSTITUTIONAL LAW; OLEOMARGARINE ACT; RETAIL DEALER; EVIDENCE.

1. The act of Congress of August 2, 1886 (24 Stat. 249), is not unconstitutional because the duty of making regulations to carry the act into effect is devolved upon the officers of the Treasury Department; *following* Prather *v.* United States, *ante,* p. 82.
2. An indictment charging the defendant with being a retail dealer in oleomargarine without having paid the special tax therefor, is sufficient without going on to define what constitutes a retail dealer.
3. Where the prosecution in such a case seeks to show by the admission of the defendant himself that he had been engaged in the business of a retail dealer in oleomargarine, an objection by defendant to such testimony until it is shown by independent testimony that he was so engaged, is not well taken.

Nos. 622 and 623.  Submitted November 2, 1896.  Decided November 17, 1896.

HEARING on an appeal by defendant from a judgment on verdict in a prosecution for violation of act of Congress of August 2, 1886 (24 Stat. 249).  *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. J. M. Wilson* and *Mr. Henry E. Davis* for the appellant.

*Mr. Arthur A. Birney,* U. S. Attorney for the District of Columbia, for the United States.

Mr. Justice MORRIS delivered the opinion of the Court:

Here were two indictments against the appellant, Israel C. Kollock, for violation of the so-called Oleomargarine Act of Congress of August 2, 1886 (24 Stat., p. 249), which was entitled "An act to define butter, and also imposing a tax upon and regulating the manufacture, sale, importation and exportation of oleomargarine." The first indictment was for the sale of oleomargarine as and for butter, without stamping or marking it, as required by the regulations of the Treasury Department made and promulgated in pursuance of the act. And the second indictment was for carrying on the business of a retail dealer in oleomargarine without having paid the special tax prescribed by the statute, which by the statute is made a penal offence.

After plea of not guilty entered to each indictment and withdrawn, the appellant demurred. But his demurrers were overruled in both cases; and he again pleaded not guilty to each indictment. At the trial, for convenience the two indictments were consolidated, without objection from the appellant, and thereupon the trial proceeded. There was a verdict of guilty on both indictments, and judgments were rendered in pursuance thereof. From these judgments the present appeals have been prosecuted.

Under the first indictment the only question raised on appeal, and which was the question sought to be raised by the demurrer in the court below, was that of the constitutionality of the act of Congress under which the indictment was framed. This question of constitutionality had reference to the power of Congress to devolve upon the officers of the Treasury Department the duty of making suitable regulations to carry the act into effect, it being claimed on behalf of the appellant that the power so devolved by this act was a power of legislation, which Congress could not vest in executive officers. It is conceded here by counsel for the appellant that the same precise question so raised

was determined by this court in the case of *Prather* v. *United States, ante,* p. 82, adversely to the contention of the appellant. And accordingly they do not press it upon us again; and presumably it is merely raised *pro forma* in the present case for such purpores as it may properly observe in the sequel. We may add that we find no reason to change or modify our opinion in the case of *Prather* v. *United States,* and we adhere to it in the present case.

With reference to the second indictment, the question raised by the demurrer was that the indictment did not sufficiently charge any offence against the United States by its statement that the defendant " did carry on the business of a retail dealer in oleomargarine without having paid the special tax therefor," although this statement is in the very words of the act of Congress. It is argued that, in order that the indictment should be sufficient, it should have alleged that which constitutes being a retail dealer; that the statement in the indictment carries no definition with it; that without the statute the word "oleomargarine" has no legal meaning, and no one would know what constitutes a retail dealer in oleomargarine.

It is not apparent that this point is seriously pressed upon our consideration. The cause has been submitted upon printed briefs, in which there appears no argument in support of the point, and no adjudicated case is cited in support of the contention. It is sufficient for us to say in regard to the question, that inasmuch as the statute clearly defines the legal meaning of the word " oleomargarine," and with equal clearness defines what is meant by " a retail dealer in oleomargarine," it is unnecessary in an indictment for a violation of the statute to attempt any other or further definition.

By a bill of exceptions taken at the trial the question of the admissibility of certain evidence was raised. It was sought by the prosecution to prove, by the admission of the defendant himself, that he had been engaged in the busi-

ness of a retail dealer in oleomargarine.   To the testimony
adduced to establish such an admission objection was made,
until the fact of the defendant's being so engaged was estab-
lished by independent evidence, but the objection was over-
ruled.   A prayer to the same effect was offered on behalf
of the defendant, and refused; and exception was duly
taken in both instances.

No more here than in regard to the preceeding point is
there any argument offered or case cited in support of the
appellant's contention.   In fact, it seems to be due to the
counsel for the appellant to say that the cause evidently has
been brought here merely *pro forma,* and that it does not
seem to have been their intention to press seriously in this
court the points raised by them.   We find no merit in the
exception to the rulings of the court below upon the admis-
sion of the testimony to which reference has been made.

The two judgments of the Supreme Court of the District
of Columbia in the premises must be *affirmed with costs; and
it is so ordered.*